# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUDITH MARCIA WILLIAMS,**

    **Plaintiff,**

**vs.**                                                                  **Case No. 4:22cv444-AW-MAF**

**LAWRENCE REVELL, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in mid-December 2022. Plaintiff submitted an in forma pauperis motion, ECF No. 4, before she filed her civil rights complaint, ECF No. 1. At any rate, she was granted leave to proceed with in forma pauperis status in January 2023. ECF No. 6. Plaintiff has now submitted another in forma pauperis motion. ECF No. 7. That motion is denied as moot. Having already been granted in forma pauperis status, there was no need to file a successive motion because Plaintiff has not been required to pay the filing fee for this case.

Before the Court was able to review Plaintiff's complaint, she filed a first amended complaint, ECF No. 5, a second amended complaint, ECF

No. 8, a third amended complaint, ECF No. 11, and a fourth amended complaint, ECF No. 14. Because an amended complaint completely replaces a prior complaint, Plaintiff is informed that only her fourth amended complaint, ECF No. 14, has been reviewed.

In addition to those pleadings, Plaintiff also submitted several letters to the undersigned Magistrate Judge, ECF Nos. 10, 12, and 15, and a letter to Chief United States District Judge Mark Walker. The Local Rules of this Court specifically state that a "request for action of any kind relating to a case can never be made by a letter to a judge." N.D. Fla. Loc. R. 7.1(A). Because it is not appropriate to send letters to the judges presiding over a case, Plaintiff's letters have not been reviewed.

Plaintiff's fourth amended complaint [hereinafter "complaint"] appears to be brought against the Tallahassee Police Department and, possibly, Chief of Police Lawrence Revell. ECF No. 14 at 1, 3. Plaintiff contend the Police Department "has been very unhelpful and disrespectful to" her. *Id.* at 4. She claims that certain persons (other citizens) harass her, but the police were "rude and disrespectful" and told Plaintiff there was "nothing they can do to assist" her. *Id.* at 5. She contends that she was told to "leave town" and contends an assistant to the Chief of Police called her "a

nut case on the phone." *Id.* Plaintiff states that because of her treatment, she stopped calling the Police Department and "pulled up a civil rights complaint." *Id.* She alleges that the Police Department is not "willing to protect the residents of this city and . . . pass the buck from one duty officer to another." *Id.* at 6. Plaintiff seeks "3½ to 9½ million dollars for discrimination and disrespect" and the unwillingness to assist her. *Id.*

To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)). Plaintiff has not met either requirement.

Plaintiff has alleged no facts to show that she was treated differently than other persons and, thus, she has not demonstrated a claim for discrimination. Moreover, the Constitution does not require that persons be

treated with respect. While such treatment is desired, it is not unconstitutional if a government official treats a citizen with disrespect.

In addition, Plaintiff appears to have named the Chief of Police as a Defendant in this case, but she has not alleged any facts to show what Chief Revell did or did not do that caused her harm and violated her rights. The fourth amended complaint is insufficient on its face and should be dismissed.

Since December of 2022, Plaintiff has initiated 15 cases in this Court. Six of those cases have already been dismissed for failure to state a claim upon which relief may be granted. It does not appear that providing Plaintiff with additional time to amend her complaint would be beneficial. It is recommended that this case be summarily dismissed as frivolous.

## O R D E R

Accordingly, it is **ORDERED** that Plaintiff's successive in forma pauperis motion, ECF No. 7, is **DENIED as moot**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, ECF No. 14, be **DISMISSED** as

frivolous without providing additional opportunities for Plaintiff to submit another amended complaint in this case.

**IN CHAMBERS** at Tallahassee, Florida, on March 3, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**